[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action was brought by the plaintiffs, Charles Hart and Annette Housley-Hart, seeking the return of $200.00 per month allegedly overpaid by them to the defendant, Theresa Carruthers, in violation of the terms of the RAP contract entered into by the parties. The plaintiffs further claim damages under CUTPA and as a result of alleged wrongful entries by the defendant into the plaintiffs' dwelling unit. The defendant denies the plaintiffs' claims, and she counterclaims for damages to her property and for unpaid rent.
When the parties entered into the state rental assistance contract, they agreed, in relevant part, to the following:
 The portion of the Contract Rent payable by the Family ("Family Contribution") will be an amount determined by the Designated Agent in accordance with DOH regulations and requirements. This amount is the maximum amount the Owner can require the Family to pay for rent of the dwelling unit, including all services, maintenance and utilities to be provided by the Owner in accordance with the Lease.
(Plaintiffs' Exhibit C. Emphasis added). The family contribution was determined to be $494.00 (Defendant's Exhibit 3). The defendant testified that the parties made a separate agreement concerning the attached, two-car garage, which, she claims, was rented for an additional $200.00 per month. According to her testimony, since the garage was not part of the "dwelling unit," the administrators of the RAP lease were not concerned about how much the plaintiffs were required to pay. The plaintiffs, however, testified that the agreement was divided into house/garage only to allow the defendant to collect an additional $200.00 that would otherwise be disallowed by the terms of the RAP contract. They further testified that they had very little use for the garage space CT Page 1299 since their family vehicle, a converted school bus, was too large to fit in the garage.
The court does not accept the defendant's explanation for the additional payment and finds that it was an attempt by her to circumvent the terms of the RAP agreement. Accordingly, the court finds for the plaintiffs and awards them $12,000.00 on count one of their complaint.
The court further finds that the defendant's actions — demanding and accepting an additional $200.00 per month from the plaintiffs in violation of the terms of the RAP contract — constitute an unfair trade practice in violation of Connecticut General Statutes, Section42-110b, and awards the plaintiffs $1.00 in compensatory damages on count two. No punitive damages are awarded.
The plaintiffs have failed to establish a criminal trespass by the defendant and, therefore, the court enters judgment for the defendant on count three of the plaintiffs' complaint.
The court finds that the defendant has established damages in excess of reasonable wear and tear to the premises and awards her $3,254.17 plus $700.00 in unpaid rent for the month of November, 1998. The parties acknowledged a security deposit of $850.00, which is deducted from the amount due to the defendant along with accrued interest on the security deposit of $119.57, leaving a net award to the defendant on her counterclaim of $2,984.60.
Judgment, therefore is entered as follows:
 Count I: $12,000.00 in favor of the plaintiff; Count II: 1.00 in favor of the plaintiff; Count III: judgment in favor of the defendant;
Less counterclaim: $2,984.60 for a total judgment in favor of the plaintiffs of $9.016.40 plus taxable costs. A further hearing on the issue of attorney's fees is ordered on March 5, 2002 at 11:00 a.m. The payment of the judgment is deferred until after the March 5th hearing.
BY THE COURT
 ___________________ Leavitt, J.